FREDRICK *v.* WILLIS.

MECHANICS' LIENS—EVIDENCE—DEFECTIVE WORK.

> In the absence of competent testimony to show the cost of remedying defects in the construction of a house, the opinion of the trial court, who found from the testimony and a view of the premises that the contractor had substantially complied with his contract and was entitled to recover nearly all the price provided for, will be affirmed, and defendant's suggestion and request that the cause be referred back for additional proofs, is overruled.

Appeal from Wayne; Donovan, J. Submitted October 14, 1912. (Docket No. 21.) Decided July 9, 1913.

Bill by George H. Fredrick and another against Martha Willis and others for the enforcement of mechanics' liens. From a decree for complainants, defendant Willis appeals. Affirmed.

*Andrew C. Paterson,* for complainant.

*James H. Pound,* for defendant.

MOORE, J. The bill of complaint in this case is filed by George H. Fredrick and Edward C. Bleich, the contractors, and cross-bills are filed by Ternes Coal & Lumber Company, materialmen, and John P. Berry Company, a subcontractor, to foreclose their respective liens on property of Martha Willis for labor and materials furnished for the construction of a house on her real estate in the city of Detroit.

The contract is a written one, but was so carelessly drawn that it is not surprising that it gave rise to controversies. The contract price for the house was $2,084. The contractors were not to furnish any paint

or do any painting or finishing of the woodwork, Mrs. Willis agreeing to do the painting, and to finish the woodwork. The work was commenced in December, and was prosecuted during the winter months. It is claimed the house was completed about March 10, 1910, excepting some things that were left to be done after the frost was out of the ground. It is claimed by complainant that extra work was done of the value of $48. The contract was unusual, in that it did not require Mrs. Willis to make any payments until the house was completed. Controversy arose between the parties. Mrs. Willis commenced proceedings before a circuit court commissioner to get possession of the house, and when Mr. Fredrick found, on April 23, 1910, a notice from the circuit court commissioner tacked on the door of the house, summoning him and Mr. Bleich to appear in the office of the commissioner, the 22d day of April, 1910, he sent the keys of the house to Mrs. Willis, who took possession of the house on or about April 28, 1910, and has occupied the house ever since.

The defendant Mrs. Willis claims defective construction and inferior materials used in the building, while complainant claims that, if the woodwork had been painted in due time and properly finished, there would have been little cause for complaint. After hearing the testimony, the trial judge visited the premises, and, making an examination of the building, he rendered a decree in which he sets off the claim for extras and deducts an additional $30 from the contract price, $2,084, for deficiencies in construction, leaving a balance of $2,054 and interest, and on May 13, 1911, granted a decree allowing the complainants a lien for $2,108.87, and John P. Berry Company a lien for $52.50. Mrs. Willis has brought the case here by appeal. Her solicitor urges that the house be removed from the real estate; or, if this is not done, that a re-

bate of $500 be made because of defective construction.

One of the special grievances of the defendant Mrs. Willis is that she did not get the furnace described in the written contract. The record discloses by a fair preponderance of testimony that a neighbor of hers was selling a different make of furnace from that mentioned in the contract, and urged her to buy his furnace, and the change was made with her knowledge and approval. The trial court had the great advantage of inspecting the premises. The questions involved are questions of fact. While Mrs. Willis claimed grave defects, she gave no satisfactory testimony as to what it would cost to make these defects good. What testimony was offered upon that subject was hearsay.

Counsel for Mrs. Willis recognize this may be urged, and suggest that, if the evidence is not clear enough in that regard, the case should be referred back to the trial court to take additional evidence. This suggestion does not appeal to us. The complainant has put his labor and material into this building, claiming a compliance with his contract. The circuit judge, after inspecting the premises, finds there was a substantial compliance with the contract. The defendant has had the use of this building since April, 1910, without making any payment thereon. We have a record of more than 200 printed pages. There was ample opportunity for Mrs. Willis to show what it would cost to make good the alleged defects, if any existed. As before stated, the trial court not only listened to the witnesses, but saw and examined the building. An examination of the record has not satisfied us he erred in the decree rendered.

The decree is affirmed, with costs.

STEERE, C. J., and MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.